**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-7356**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MICHAEL BRIAN DUNKEL,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:13-cr-00220-GBL-1; 1:15-cv-00397-GBL)

———————

Submitted: March 27, 2017    Decided: April 19, 2017

———————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Richard Klugh, LAW OFFICE OF RICHARD C. KLUGH, Miami, Florida, for Appellant. Ryan Scott Faulconer, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Brian Dunkel appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Dunkel seeks a certificate of appealability to challenge his conviction following a guilty plea under 18 U.S.C. § 1031 (2012), and to argue that his trial counsel provided constitutionally deficient assistance by failing to properly advise him about § 1031, failing to inform him that his guilty

2

plea would require him to register as a sex offender, stipulating to a loss figure unsupported by the evidence, and failing to object to the Government's introduction of two victim-impact witnesses. Section 1031 prohibits schemes to defraud the United States in any procurement of services or any contract, subcontract, or other form of federal assistance. To invoke § 1031, the value of federal assistance must be $1 million or more.

Dunkel argues that his conduct does not satisfy the $1 million jurisdictional requirement of § 1031 because it requires a single $1 million prime contract or subcontract and his scheme did not involve such a contract. Dunkel has conceded that he procedurally defaulted on his § 1031 claim by failing to raise it on direct review. He may therefore raise the claim in this postconviction proceeding only if he can establish actual innocence or cause and prejudice. See Bousley v. United States, 523 U.S. 614, 622 (1998). Actual innocence requires a showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). "The existence of cause for a procedural default must turn on something external to the defense, such as . . . a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).

3

We conclude that Dunkel cannot establish actual innocence. Dunkel stipulated in his plea agreement that he had posed as an employee of Company B, which received contracting preferences from the Small Business Administration, to take advantage of those preferences when bidding on NASA contracts. He further agreed that the scheme was "all in relation to a procurement for services valued at more than $1,000,000, including but not limited to [Contract A86B]." By that admission, Dunkel's conduct fell within the scope of § 1031.

Even absent Dunkel's stipulations, his argument that § 1031 requires a single $1 million prime contract or subcontract fails. Section 1031 is not limited to prime contracts; by its terms, it applies to the procurement of services and "other form[s] of Federal assistance" worth $1 million or more. 18 U.S.C. § 1031. Moreover, Dunkel has not shown that the Government did not rely on a single contract worth $1 million. Even if the Government aggregated several contracts, however, we have recognized that § 1031 should not be read to insulate "pervasive fraud on a multi-million dollar defense project . . . if it were perpetrated in multiple separate subcontracts, each involving less than the jurisdictional amount." United States v. Brooks, 111 F.3d 365, 369 (4th Cir. 1997). We therefore conclude that Dunkel has not established actual innocence. We reject his request for a hearing on actual innocence because,

4

contrary to Dunkel's contention, the circumstances of United States v. Bousley do not apply here.  See 523 U.S. at 623.

We also conclude that Dunkel has failed to make a showing of cause and prejudice to overcome his procedural default. Dunkel argues that cause and prejudice exists because his attorney provided ineffective assistance by failing to raise his § 1031 arguments.

A claim of ineffective assistance of counsel requires a defendant to show:  (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  A defendant proves deficient performance by showing that "counsel's representation fell below an objective standard of reasonableness."  Id. at 688-89.  To prove prejudice if the defendant entered a guilty plea, the defendant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Hooper v Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Because Dunkel's arguments about § 1031 lack merit, he cannot show that his counsel acted unreasonably.  Accordingly, Dunkel cannot overcome the procedural default of his § 1031 claim and both that claim and his ineffective assistance claim based on § 1031 fail.

Dunkel also appeals the district court's denial of three of his other ineffective assistance of counsel claims. First, Dunkel argues that his counsel should have advised him that his conviction would require him to register under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913 (2012). However, the "requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. Because SORNA retroactively applied to Dunkel before his plea and conviction, the plea did not trigger SORNA registration. Thus, Dunkel's counsel did not act unreasonably when he advised Dunkel about the plea without discussing SORNA. Moreover, because the registration requirement would have applied to Dunkel regardless of a conviction, counsel's failure to advise Dunkel about SORNA did not prejudice Dunkel.

Second, Dunkel argues that his counsel provided ineffective assistance by advising him to stipulate to a loss figure under U.S. Sentencing Guidelines Manual § 2B1.1 (2016) despite a lack of evidence to support it. In the plea agreement, Dunkel agreed that he and Company B gained at least $2.9 million and that his gain could be used as the loss figure for sentencing. Gain can serve as a proxy for loss where calculating loss would be difficult. U.S. Sentencing Commission, Loss Primer

6

§ 2B1.1(b)(1) (citing United States v. Vrdolyak, 593 F.3d 676, 681 (7th Cir. 2010) (reversing sentencing judge's refusal to consider gain as proxy for loss where a "probable" but difficult to calculate loss existed)). Here, calculating the loss would have been difficult because the parties could not have sufficiently determined the loss experienced by the company that would have contracted with NASA absent Dunkel's fraud. Thus, the parties appropriately agreed to determine how much Dunkel gained from his fraud rather than how much an unknown company lost from that fraud. The parties then determined the gain based on Dunkel's admission that he gained at least $2.9 million from his scheme. Thus, we conclude that Dunkel's counsel did not provide deficient performance by advising Dunkel to stipulate to the loss figure in the plea agreement. We further conclude that the stipulation did not prejudice Dunkel, who would have been subject to the same method of loss calculation if he had been convicted without the plea agreement.

Third, Dunkel argues that his counsel provided ineffective assistance by failing to object when the prosecution introduced additional evidence of loss at sentencing by calling two witnesses to testify about the impact of the fraud on the government. According to Dunkel, calling the witnesses to testify breached the plea agreement by circumscribing the agreed to loss figure. The prosecution, however, did not breach the

plea agreement because it did not use the additional evidence to advocate for a greater enhancement under USSG § 2B1.1. The plea agreement also permitted the parties to make other arguments about sentencing at the hearing. Thus, counsel did not perform unreasonably, and Dunkel cannot establish ineffective assistance of counsel.

We have independently reviewed the record and conclude that Dunkel has not made the requisite showing to appeal the denial of his § 2255 motion. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED